FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 1 5 2010

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01149-BNB

IN RE: THE PETITION OF ARTURO LOPEZ,

ORDER DENYING FED. R. CIV. P. 27(a) PETITION

Petitioner Arturo Lopez is in the custody of the United States Bureau of Prisons and currently is incarcerated at the United States Penitentiary in Florence, Colorado. On May 10, 2010, Mr. Lopez submitted a "Petition for Court Order Authorizing Depositions to Perpetuate Testimony Before an Action is Filed Pursuant to Rule 27(a) of the Federal Rules of Civil Procedure." Mr. Lopez also paid the required $39.00 filing fee on June 8, 2010. Because Mr. Lopez is proceeding *pro se*, the Court will construe the Petition liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

In the Petition, Mr. Lopez seeks to depose seven prison staff members regarding either the administration of controlled medication outside of the heat-sealed packaging, the failure to perform recommended surgery, or certain facts about the pharmacy's orientation and independent status. Mr. Lopez contends that he is not in a position to file a civil complaint because he must exhaust his administrative remedies first. Mr. Lopez further contends that having to wait to depose the prison staff members until after his remedies are exhausted would delay justice because those individuals needing

to be deposed may transfer to another prison facility, terminate their employment, or forget the details of the events that violated his rights.

Prior to bringing an action, Rule 27 of the Federal Rules of Civil Procedure allows a person to petition a court "to perpetuate testimony regarding any matter that may be cognizable in any court of the United States." Fed. R. Civ. P. 27(a)(1). Relief under Rule 27 is available "[i]f the court is satisfied that the perpetuation of the testimony may prevent a failure or delay of justice." Fed. R. Civ. P. 27(a)(3). Rule 27(a)(1) lists five requirements for a properly supported petition. It appears that Mr. Lopez has satisfied the five requirements. Although the Petition meets the five requirements, Rule 27 is restricted to "only . . . that special category of cases where it is necessary to prevent testimony from being lost." *Ash v. Cort*, 512 F.2d 909, 912 (3d Cir. 1975); *see also Petition of Ferkauf*, 3 F.R.D. 89, 91 (S.D.N.Y. 1943) ("[F]or one reason or another, testimony might be lost to a prospective litigant unless taken immediately.")

Most petitions to perpetuate testimony have been granted when a witness is aged or gravely injured and in danger of dying or there are geographical constraints. *See, e.g., Texaco, Inc. v. Borda*, 383 F.2d 607 (3rd Cir. 1967) (permitting deposition of a witness of advanced age in suit that had been stayed pending resolution of parallel criminal prosecution); *Petition of Delta Quarries and Disposal, Inc.*, 139 F.R.D. 68 (M.D. Pa. 1991) (deponent's condition was serious and only deponent had knowledge of activities at landfill before 1978 when physical records began to be kept); *In re Sims*, 389 F.2d 148, 150 (5th Cir. 1967) (potential deponent was imminently departing for Peru).

2

In the absence of special circumstances, however, Rule 27 petitions have been denied. General concerns about the passage of time and the fading of memories do not constitute a particularized showing that the testimony needs to be taken in advance of the contemplated action. *See Application of Checkosky,* 142 F.R.D. 4, 7-8 (D.D.C. 1992); *Lombard's, Inc. v. Prince Mfg., Inc.,* 753 F.2d 974, 976 (11th Cir. 1985), *cert. denied,* 474 U.S. 1082 (1986) (Rule 27 petition denied which alleged only that witnesses were not "immune from matters of life (and death)" and that petitioner was "genuinely concerned" that documents could be destroyed).

Mr. Lopez does not state a special circumstance. Mr. Lopez has made no specific showing that the testimony he seeks to perpetuate is in any danger of being lost if depositions of the named individuals are not immediately taken. His concerns that deponents may be transferred and their memories of events may not be as clear over time are at best speculative. Furthermore, the time to complete exhaustion of his administrative remedies in accordance with 28 C.F.R. §§ 542.10-542.19, which he claims is the reason he is not able to bring an action at this time, is a matter of months, not years. Therefore, the Court finds neither a failure or delay of justice that merits allowing Mr. Lopez to perpetuate testimony prior to his filing an action in this Court. Accordingly, it is

ORDERED that Mr. Lopez's request for an order allowing him to proceed with Fed. R. Civ. P. 27(a) depositions is DENIED. It is

FURTHER ORDERED that the Clerk of the Court is directed to terminate this matter.

DATED at Denver, Colorado, this  15th  day of  July , 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01149-BNB

Arturo Lopez
Reg No. 05734-089
US Penitentiary Florence
P.O. Box 7000
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 7/16/10

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk